FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 24 2016 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MATTHEW KWAS,

      Plaintiff,

-against-

INTERGRAPH GOVERNMENT SOLUTIONS
ET AL.,

      Defendants.
-----------------------------------------------------------X

ORDER
15-CV-5897 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

  Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Shields, advising the Court to grant the defendant's motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court adopts the thorough and well-reasoned R&R in its entirety, and dismisses the plaintiff's claims with prejudice.

## I. STANDARD OF REVIEW

  A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. ANALYSIS

In her R&R, Magistrate Judge Shields recommends that the Court grant the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) because plaintiff's products liability, fraud, and wrongful imprisonment claims are time-barred, and there is no basis to apply equitable tolling or the continuing violation doctrine, and also recommends dismissal of plaintiff's punitive damages claim because a separate claim for punitive damages does not exist under New York law.

Plaintiff requested an extension of time to file objections to the R&R, which the Court granted, instructing plaintiff to file his objections by July 27, 2016, and defendant to file its response by August 17, 2016. (*See* ECF No. 22.) Plaintiff thereafter filed timely objections to the R&R on July 27, 2016 (*see* ECF No. 23) and defendant filed its opposition to plaintiff's objections on August 17, 2016. (*See* ECF No. 24.) For the reasons explained below, the Court adopts Magistrate Judge Shields' R&R in its entirety.

### A. Time-Barred Claims

Having reviewed plaintiff's objections, the relevant law, and the R&R, the Court agrees with Magistrate Judge Shields' conclusion that plaintiff's claims are time-barred. In his objections, plaintiff argues, as he did in his original briefing papers, that the federal discovery accrual rule should be applied to his claims, and thus, that his claims are timely. (Obj. at 2-3.) This argument

was squarely presented to Magistrate Judge Shields, and the Court agrees that this argument lacks merit.

Plaintiff claims that he was arrested 11 times over a two-year period beginning on August 19, 2010, five years before he filed his complaint in this action, and attributes each arrest to alleged defects in a computerized record management system ("RMS") that defendant sold to the Nassau County Police Department ("NCPD"). (*See* Compl. ¶¶ 2, 27.) New York law clearly provides that the statute of limitations on a products liability action "accrue[s] when the product first injured plaintiff, and the accrual date does not change as a result of continuing consequential damages." *New York Seven-Up Bottling Co. v. Dow Chem. Co.*, 466 N.Y.S.2d 478, 479-80 (1983) (rejecting argument that each time plaintiff's roof membrane cracked, a new cause of action accrued); *see also Mancuso v. Consol. Edison Co. of N.Y., Inc.*, 905 F. Supp. 1251, 1263 (S.D.N.Y. 1995) ("Under New York law, it is well-settled that the exacerbation of an injury does not give rise to a new cause of action."), *aff'd sub nom. Mancuso v. Consol. Edison Co. of N.Y.*, 216 F.3d 1072 (2d Cir. 2000). Because plaintiff was injured as a result of the allegedly defective product when he was first arrested in 2010, his products liability claim also accrued in 2010 and is thus time-barred.

Further, because plaintiff's fraudulent concealment claim is incidental to his products liability claim, it is also subject to the same three-year statute of limitations and is therefore time-barred as well. *See New York Seven-Up Bottling Co.*, 466 N.Y.S.2d at 480 ("Since Dow's alleged fraud consisted of representations made while marketing the styrofoam at the time plaintiff's plant was being constructed, such allegations are only incidental to plaintiff's cause of action sounding in products liability. Thus, plaintiff's claims are time barred."); *see also Fathi v. Pfizer Inc.*, 24 Misc.3d 1249(A), 901 N.Y.S.2d 899 (N.Y. Sup. Ct. 2009). Additionally, because the statute of limitations for wrongful imprisonment is one year and plaintiff's action was clearly commenced

more than one year after his last alleged arrest in August 2012, his wrongful imprisonment claim is also time-barred. *See* N.Y. C.P.L.R. § 215(3); *Lugo v. Milford Mgmt. Corp.*, 956 F. Supp 1120, 1124 (S.D.N.Y. 1997).[1]

### B. Tolling

Plaintiff argues that "notwithstanding the Discovery Accrual Rule on limitation grounds, the continuing violations doctrine be applied as equitable tolling." (Obj. at 3.) In particular, plaintiff continues to rely on the argument that his failure to file his complaint within the statute of limitations should be excused because he did not know that defendant's software was problematic until he was informed by a friend. (*See* Obj. at 3-6.) However, the Court concludes that plaintiff cannot invoke the continuing violation doctrine, equitable tolling, or equitable estoppel.

#### 1. Continuing Violation Doctrine

Plaintiff invoked the continuing violation doctrine in his original briefing papers, and Magistrate Judge Shields squarely addressed this issue in her R&R, finding that the continuing violation doctrine was inapplicable. The Court agrees that the continuing violation doctrine does not apply to plaintiff's case.

Under the continuing violation theory, a claim that challenges a "continuous practice and policy of discrimination" may not accrue until the last discriminatory act in furtherance of the policy. *See Fahs Construction Grp., Inc. v. Gray*, 725 F.3d 289, 292 (2d Cir. 2013). "To trigger such a delay, the plaintiff must allege both the existence of an ongoing policy of discrimination

---

[1] Plaintiff does not appear to object to Magistrate Judge Shields' recommendation that his claim for punitive damages be dismissed because New York does not recognize a separate cause of action for punitive damages. In any event, the Court agrees that a separate claim for punitive damages does not exist under New York law. *See Martin v. Dickson*, 100 F. App'x 14, 16 (2d Cir. 2014) ("[T]here is no separate cause of action in New York for punitive damages."); *Rentrak Corp. v. Handsman*, No. 12–CV–1576(JS)(ARL), 2014 WL 1342960, at *11 (E.D.N.Y. Mar. 31, 2014) ("It is well settled under New York law that punitive damages may not be asserted as a separate cause of action.").

and some non-time-barred acts taken in furtherance of that policy." *Id.* (quotation marks and citation omitted). However, "[d]iscrete acts of discrimination or retaliation" are not subject to the continuing violation doctrine. *Colvin v. State Univ. Coll. at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 WL 2863224, at *17 (E.D.N.Y. June 19, 2014), *reconsideration denied*, No. 13-CV-3595 (SJF)(ARL), 2015 WL 2213297 (E.D.N.Y. May 8, 2015). The continuing violation doctrine is applicable in limited contexts, including Title VII discrimination and retaliation claims, Eighth Amendment claims of medical indifference brought under Section 1983, and Eighth Amendment claims for cruel and unusual punishment against federal officials brought under *Bivens*. *See, e.g., MacFarlane v. Ewald*, No. 10-CV-2877(JFB)(ARL), 2016 WL 4076585, at *3 (E.D.N.Y. Aug. 1, 2016) (collecting cases). Here, because plaintiff has only alleged private civil torts, the continuing violation doctrine is inapplicable. Further, the continuing violation doctrine applies only to claims "composed of a series of separate acts that collectively constitute one unlawful practice." *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (alteration, internal quotation marks, and citation omitted). Plaintiff has alleged only a discrete act by defendant – selling an allegedly defective product – rather than any ongoing practice or policy. Thus, the continuing violation doctrine would be inapplicable even if it could apply to the private torts plaintiff alleges.

2. Equitable Tolling

Although plaintiff did not use the term "equitable tolling" in his original briefing papers, Magistrate Judge Shields liberally construed plaintiff's continuing violation doctrine argument as one for equitable tolling and found that plaintiff failed to demonstrate the extraordinary conditions that would warrant equitable tolling. The Court agrees that plaintiff's equitable tolling argument lacks merit. As an initial matter, equitable tolling is a doctrine generally applied to federal, as

opposed to state, causes of action. *See O'Hara v. Bayliner*, 89 N.Y.2d 636, 646 (N.Y. 1997); *Shared Comm'ns Servs. Of ESR, Inc. v. Goldman, Sachs & Co.*, 832 N.Y.S.2d 32, 33-34 (N.Y. App. Div. 2007). In any event, equitable tolling would not apply to plaintiff's case.

"In order to invoke the doctrine of equitable tolling, the plaintiff must plead (1) the wrongful concealment by the defendant of its actions; (2) the failure by the plaintiff to discover the operative facts underlying the action within the limitations period, and (3) the plaintiff's due diligence to discover the facts." *Stillman v. Marlboro State Hosp.*, No. 03 CIV. 975(SHS), 2003 WL 22349677, at *2 (S.D.N.Y. Oct. 15, 2003) (internal quotation marks and citation omitted). Although plaintiff claims that he did not know that defendant was allegedly the cause of his injuries until February 2015, the Complaint does not contain any allegations of conduct by the defendant that could have constituted wrongful concealment of is actions. Thus, the Court concludes that equitable tolling does not apply to plaintiff's claims.

3. Equitable Estoppel

The Court has also considered whether equitable estoppel can be applied to plaintiff's case. The doctrine of equitable estoppel "requires proof that the defendant made an actual misrepresentation or, if a fiduciary, concealed facts which he was required to disclose, that the plaintiff relied on the misrepresentation and that the reliance caused plaintiff to delay bringing timely action." *Kaufman v. Cohen*, 760 N.Y.S.2d 157, 167 (N.Y. App. Div. 2003) (citing *Powers Mercantile Corp. v. Feinberg*, 490 N.Y.S.2d 190 (N.Y. App. Div. 1985), *aff'd* 67 N.Y.2d 981 (N.Y. 1986); *Jordan v. Ford Motor Co.*, 426 N.Y.S.2d 359 (N.Y. App. Div. 1980)). Here, plaintiff has not alleged that the defendant made any misrepresentations to him, which caused him to refrain from filing a timely complaint. Further, in his complaint and in his objections to the R&R addressing the equitable estoppel issue, plaintiff does not allege that he had any contact with the

defendant whatsoever, let alone a fiduciary relationship with the defendant; rather, he merely alleges that the defendant sold a defective product to the NCPD. Thus, because plaintiff has not alleged any misrepresentation by the defendant or a fiduciary relationship with the defendant requiring it to inform plaintiff of certain facts underlying the claim, plaintiff cannot invoke the doctrine of equitable estoppel.

In sum, because the continuing violation doctrine, equitable tolling, and equitable estoppel do not apply to plaintiff's claims, the Court agrees with Magistrate Judge Shields' conclusion that plaintiff's claims are barred by the statute of limitations.

### C. Leave to Replead

Magistrate Judge Shields recommended that the Court dismiss plaintiff's case with prejudice, rather than grant plaintiff leave to replead, finding better pleading would not cure the defects in plaintiff's products liability, fraud, wrongful imprisonment, and punitive damages claims. For the reasons stated *infra*, the Court agrees that plaintiff's products liability, fraud, and wrongful imprisonment claims are time-barred, and that his punitive damages claim does not constitute a separate cause of action. Better pleading will not cure these defects, and thus, any attempt to do so would be futile.

In his objections, plaintiff newly argues that he should be granted leave to amend to assert due process claims under 42 U.S.C. § 1983 and a conspiracy claim under 42 U.S.C. § 1985. (Obj. at 8-12.) However, for the reasons set forth below, the Court concludes that such claims would also be futile.

1. Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the

United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured. . . ." 42 U.S.C. § 1983. In order to state a claim under § 1983, a plaintiff must allege (1) the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws, and (2) that the deprivation was "committed by a person acting under the color of state law." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010); *see also Ahlers v. Rabinowitz*, 684 F.3d 53, 60-61 (2d Cir. 2012); *see also Rehberg v. Paulk*, 132 S. Ct. 1497, 1501-02 (2012).

The conduct of private persons or entities, "no matter how discriminatory or wrongful," generally does not constitute state action and therefore cannot form the basis of a Section 1983 claim. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *see Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" (quoting *Rendell–Baker v. Kohn*, 457 U.S. 830, 837 (1982))). However, "state action may be found when 'there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself.'" *Abdullahi v. Pfizer, Inc.*, 562 F.3d 163, 188 (2d Cir. 2009) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted)). Such a nexus may exist where "the private actor was a willful participant in joint activity with the State or its agents" or where the private actor "conspire[d] with a state official to violate the plaintiff's constitutional rights." *Young v. Suffolk Cnty.*, 922 F. Supp. 2d 368, 385 (E.D.N.Y. 2013) (internal quotation marks omitted); *see, e.g., Caldwell v. Myer*, No. 14–CV–5383, 2015 WL 428063, at *3 (E.D.N.Y. Jan. 30, 2015); *Shabtai v. Levande*, No. 13 CV 4580, 2013 WL 6116850, at *3 (E.D.N.Y. Nov. 20, 2013); *Anilao v. Spota*, 774 F. Supp. 2d 457, 498 (E.D.N.Y. 2011). "The concepts of acting 'jointly' or in 'conspiracy with' state actors are intertwined . . . [and e]ven if

considered as conceptually separate theories, both require the pleading of facts sufficient to show something more than conclusory allegations." *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012) (internal citations omitted); *see generally Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323–24 (2d Cir. 2002).

"'To establish joint action, a plaintiff must show that the private citizen and the state official shared a common unlawful goal; the true state actor and the jointly acting private party must agree to deprive the plaintiff of rights guaranteed by federal law.'" *Anilao*, 774 F. Supp. 2d at 498 (quoting *Bang v. Utopia Rest.*, 923 F. Supp. 46, 49 (S.D.N.Y. 1996)); *see also Lynch v. Southampton Animal Shelter Found. Inc.*, 971 F. Supp. 2d 340, 351 (E.D.N.Y. 2013). In other words, "[j]oint action with a state official can be found only if it is shown that the private individual acted in 'wilful collaboration' with a state actor to deprive the plaintiff of a federal right." *Stewart*, 851 F. Supp. 2d at 445 (citing *Bacquie v. City of N.Y.*, No. 99–CV–10951, 2000 WL 1051904, at *1 (S.D.N.Y. July 31, 2000)).

Plaintiff alleges that defendant supplied a defective product to the NCPD, which caused him to be arrested multiple times. However, it is well-established that "the mere reporting of information to law enforcement is not sufficient to support a claim of state action by a private party. . . . Instead, there must be proof of a 'plan, prearrangement, conspiracy, custom or policy.'" *Zaidi v. Amerada Hess Corp.*, 723 F. Supp. 2d 506, 514 (E.D.N.Y. 2010) (citing *Ginsberg v. Healey Car & Truck Leasing, Inc.*, 189 F.3d 268, 272 (2d Cir. 1999); *see also Stewart*, 851 F. Supp. 2d at 446 ("Merely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor."). Plaintiff does not claim there was any joint action between NCPD and defendant at all. To the contrary, he alleged that defendant *concealed* its problems from NCPD. (*See* Compl. ¶ 57 ("The concealment of the

facts about the INTERGRAPH GOVERNMENT SOLUTIONS Records Management System (RMS) was done with the intent to induce the Nassau County Police Department and others similarly situated to purchase the Records Management System (RMS) . . . .").) Thus, plaintiff cannot allege that defendant was acting jointly with NCPD to violate plaintiff's rights.

Further, even if defendant could allege a Section 1983 claim, such a claim would be time-barred. There exists no federal statute of limitations for Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985), *superseded by statute on other grounds as recognized in Jones v. R .R. Donnelley & Sons Co.*, 541 U.S. 369, 377–81 (2004). "[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." *Owens v. Okure*, 488 U.S. 235, 250 (1989). In New York, Section 214 of the New York Civil Practice Law and Rules sets forth a three year statute of limitations for actions "to recover upon a liability, penalty or forfeiture created or imposed by statute." N.Y. C.P.L.R. § 214(2). Federal law determines when such claims accrue, and the Second Circuit has held that accrual of a Section 1983 claim occurs when the plaintiff "knows or has reason to know of the injury which is the basis of his action." *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980); *see also Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) ("A Section 1983 claim ordinarily accrues when the plaintiff knows or has reason to know of the harm." (internal citation and quotation marks omitted)). Here, plaintiff alleges that defendant designed, manufactured, and sold the defective RMS to NCPD before plaintiff was arrested for the first time in August 19, 2010. Thus, any Section 1983 claim against defendant would clearly be barred by the three-year statute of limitations.

Further, plaintiff would not be able to avail himself of the continuing violation doctrine because, as discussed *supra*, the continuing violation doctrine does not apply to discrete acts by a

defendant. *See Nat'l R.R. Pass. Corp. v. Morgan*, 536 U.S. 101, 109-15 (2002). Rather, "[t]o assert a continuing violation for statute of limitations purposes, the plaintiff must allege both the existence of an ongoing policy . . . and some non-time-barred acts taken in furtherance of that policy." *McGann v. City of N.Y.*, No. 12 CIV. 5746 (PAE), 2013 WL 1234928, at *5 (S.D.N.Y. Mar. 27, 2013) (internal quotation marks and citation omitted). The sale of computer equipment more than five years before plaintiff filed his complaint is clearly a discrete act, and thus, there is no ongoing practice or police to which the continuing violation doctrine could apply.

2. Section 1985

Plaintiff also appears to seek leave in an attempt to assert a Section 1985 claim. Section 1985(3) prohibits two or more persons from conspiring for the purpose of depriving any person of the equal protection of the laws or of equal privileges and immunities under the laws. 42 U.S.C. § 1985(3). To establish a claim under § 1985(3), a plaintiff must establish (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of a right or privilege of a citizen of the United States. *Hollman v. Cnty. of Suffolk*, No. 06–CV–3589 (JFB)(ARL), 2011 WL 280927, at *11 (E.D.N.Y. Jan. 27, 2011) (quoting *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)); *see also Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (citing *Traggis v. St. Barbara's Greek Orthodox Church*, 851 F.2d 584, 586–87 (2d Cir. 1988)). Further, in order to reach a purely private conspiracy under § 1985(3), "a plaintiff must show, *inter alia*, (1) that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official,

11

encroachment." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993) (internal quotation marks and citations omitted); *see Poles v. Brooklyn Cmty. Hous. & Servs.*, No. 10 Civ. 1733(BMC)(LB), 2010 WL 1992544, at *2 (E.D.N.Y. May 14, 2010).

As discussed *supra*, plaintiff has not alleged that defendant and NCPD worked together to deprive plaintiff of his rights; rather, to the contrary, plaintiff alleged that defendant tricked the NCPD into using its faulty product. Thus, plaintiff clearly cannot allege a conspiracy between the entities. Further, plaintiff has not claimed that he was a member of a protected class and discriminated against on that basis. Therefore, plaintiff could not plausibly allege a Section 1985(3) conspiracy and, thus, granting him leave to amend would be futile.

## III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the R&R in its entirety. Accordingly, defendant's motion to dismiss is granted, and plaintiff's complaint is dismissed. Plaintiff is denied leave to re-plead, because his claims of products liability, fraud, and wrongful imprisonment are time-barred and his punitive damages claim does not constitute a cause of action; thus, leave to amend such claims would be futile. Although plaintiff suggests amending his complaint to add Section 1983 and 1985 claims, such claims would also be futile because plaintiff does not claim that defendant engaged in anything that could be construed as state action or that there was any conspiracy between defendant and the NCPD. Accordingly, the Clerk of Court shall close the case.

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated: August 24, 2016
Central Islip, New York